PROB 12B

# United States District Court
# for the District of Utah

## Request and Order for Modifying Conditions of Supervision
## With Consent of the Offender
*(Waiver of hearing attached)*

Name of Offender: **David Alan Anderson**  Docket Number: **2:11-CR-00841-001-DAK**

Name of Sentencing Judicial Officer:  **Honorable Dale A. Kimball**
**Senior U.S. District Judge**

Date of Original Sentence: **June 12, 2012**

Original Offense:  **Count 1: Carrying a Concealed Weapon or Explosive on an Aircraft [48 U.S.C. § 46505 (b)(1)]**

Original Sentence:  **36 months probation**

Type of Supervision:  **Probation**  Supervision Began: **June 12, 2012**

## PETITIONING THE COURT

[X]  To modify the conditions of supervision as follows:

*The defendant will submit to drug/alcohol testing under a copayment plan as directed by the probation office.*

## CAUSE

Unfortunately, a recent unannounced home visit conducted in the early evening hours revealed that Mr. Anderson had been consuming alcohol. After observing evasive body language and detecting the faint odor of alcohol, the undersigned officer questioned Mr. Anderson about his consumption of alcohol before requesting a breathalyzer test. To the defendant's credit, he admitted to consuming multiple vodka drinks prior the probation office's arrival and provided the whereabouts of the one-liter vodka bottle, which was approximately two-thirds full and subsequently removed and emptied with the defendant's consent. Further questioning revealed that Mr. Anderson purchased the vodka at a state liquor store earlier in the day and his ability to simply refrain from alcohol use has failed him recently. Instead of summoning the support of our office or contacting his contracted outpatient counselor, Mr. Anderson admitted his decision to resume drinking alcohol was triggered by his daughter and young grand-daughter moving out-of-state in recent months. Prior to leaving Mr. Anderson's residence, the probation officer encouraged the defendant to seek the support of self-help groups offered in the community as Mr. Anderson's destructive relationship with alcohol is well known and documented throughout the underlying pre-sentence report. Acting as a triage of sorts, the defendant was agreeable and promised to locate and attend multiple local meetings.

In a subsequent meeting at the probation office, Mr. Anderson reported he had attended a couple of local self-help groups (Alcoholics Anonymous) and found them to be supportive. Although Mr. Anderson declined the need to increase the treatment regiment with his outpatient mental health provider, the defendant instead expressed a willingness to regularly attend Alcoholic Anonymous (AA) meetings and seek the guidance and support of an AA sponsor. While our office is generally pleased

PROB 12B
David Alan Anderson
2:11-CR-00841-001-DAK

about his honesty and desire to live a sober life, the defendant's longstanding history of alcohol abuse is concerning in light of the above-described incident and the undersigned officer is suspicious about the use of illicit substances. Although the defendant denied using any controlled substances in combination with alcohol, our office would be better equipped to monitor and confirm his compliance in this area by modifying his conditions of probation to include random drug testing. As evident by the executed waiver attached below, Mr. Anderson agreed to the modification and was advised our office will not assess nor seek the collection of any co-payment fee as the present intent is to simply collect random drug screens during field and office visits. In addition to asserting his desire to regularly participate in AA, our office recognizes that Mr. Anderson has maintained a positive track record with our office notwithstanding the present circumstances. Should non-compliance continue, including the probation officer suspecting further alcohol consumption, Mr. Anderson was advised our office may revisit our recommendation and respond differently. Given these reasons, the probation office is respectfully requesting that the Court adopt our position and order the above listed modification by signing below. As always, please do not hesitate to contact the undersigned officer directly at 801-535-2706 should Your Honor have any questions or concerns.

I declare under penalty of perjury that the foregoing is true and correct.

Timothy Merna, U.S. Probation Officer
Date: August 22, 2014

## THE COURT ORDERS:

[X] The modification of conditions as noted above
[ ] No action
[ ] Other

Honorable Dale A. Kimball
Senior U.S. District Judge

Date: August 25, 2014

PROB 49

David Alan Anderson
2:11-CR-00841-001-DAK

*UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH*
**PROBATION AND PRETRIAL SERVICES OFFICE**

# WAIVER OF RIGHT TO HEARING PRIOR TO MODIFICATION OF CONDITIONS OF SUPERVISION

I have been advised by U.S. Probation Officer Timothy Merna that he has submitted a petition and report to the Court recommending that the Court modify the conditions of my supervision in Case No.2:11-CR-00841-001-DAK. The modification would be:

*The defendant will submit to drug/alcohol testing under a copayment plan as directed by the probation office.*

I understand that should the Court so modify my conditions of supervision, I will be required to abide by the new condition(s) as well as all conditions previously imposed. I also understand the Court may issue a warrant and revoke supervision for a violation of the new condition(s) as well as those conditions previously imposed by the Court. I understand I have a right to a hearing on the petition and to prior notice of the date and time of the hearing. I understand that I have a right to the assistance of counsel at that hearing.

Understanding all of the above, I hereby waive the right to a hearing on the probation officer's petition, and to prior notice of such hearing. I have read or had read to me the above, and I fully understand it. I give full consent to the Court considering and acting upon the probation officer's petition to modify the conditions of my supervision without a hearing. I hereby affirmatively state that I do not request a hearing on said petition.

_____
David Alan Anderson

6/11/14
Date

_____
Witness: Timothy Merna
U.S. Probation Officer