PROB 12B

United States District Court
for the District of Utah

FILED
U.S. DISTRICT COURT
2014 OCT -1 P 12: 18
DISTRICT OF UTAH
BY:_____

**Request and Order for Modifying Conditions of Supervision
With Consent of the Offender**
*(Waiver of hearing attached)*

Name of Offender: **David Alan Anderson**     Docket Number: **2:11-CR-00841-001-DAK**

Name of Sentencing Judicial Officer:     **Honorable Dale A. Kimball
Senior U.S. District Judge**

Date of Original Sentence: **June 12, 2012**

Original Offense:   Count 1: Carrying a Concealed Weapon or Explosive on an Aircraft [48 U.S.C. § 46505 (b)(1)]

Original Sentence:   **36 months probation**

Type of Supervision:     Probation                              Supervision Began: **June 12, 2012**

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

*The defendant shall reside in a residential reentry center, under a Public Law placement, for a period of <u>4 months, with consideration for early release after 2 months</u>. While a resident at the residential reentry center as a Public Law placement, the defendant is eligible to leave the program for work, education, medical, religious services, treatment, or other approved release as deemed appropriate by the U.S. Probation Office or residential reentry center. As an exception to employment, the residential reentry center may require the defendant to perform voluntary community service <u>up to 20 hours per week</u> unless otherwise directed the U.S. Probation Office or the residential reentry center.*

## CAUSE

Coupled with a recent report from the probation office (Request and Order filed on August 25, 2014), our office regretfully informs Your Honor that Mr. Anderson continues to consume alcohol despite a referral to local self-help groups and the assurance from the defendant that he will be able to successfully refrain from using alcohol. Alarmingly, the undersigned officer conducted an unannounced home visit on a weekday at about 1:30 p.m. and discovered Mr. Anderson had already consumed an excessive amount of alcohol earlier that day, which was confirmed by the .082 result from the administered breathalyzer test. In addition to being honest about his alcohol use, Mr. Anderson disclosed the location of the remaining vodka and consented to the undersigned officer's disposal of such.

In a subsequent meeting at the probation office, Mr. Anderson explained he recently returned to drinking alcohol after experiencing stress from separate legal matters. Instead of seeking the support from our office or contacting self-help sponsors as previously promised, Mr. Anderson returned to consuming alcohol and isolating himself from his pro-social ties. Given the severity of the defendant's longstanding history and the destructive relationship with alcohol, the undersigned officer proposed that Mr. Anderson reside at the local Residential Reentry Center (RRC) for a temporary period of time

which will offer more structure in his life and provide our office with the ability to more closely monitor his sobriety and ingestion of psychotropic medication. As evident by the attached executed waiver, Mr. Anderson consented to the proposed modification, after having consulted with an attorney. Contrarily, the defendant was advised that our office would likely respond differently and recommend more adverse consequences should non-compliance continue. As a result, the undersigned officer is respectfully requesting Your Honor endorse our recommendation by signing below. As always, please do not hesitate to contact the probation officer directly at 801-535-2706 should questions or concerns arise.

I declare under penalty of perjury that the foregoing is true and correct.

Timothy Merna
U.S. Probation Officer
Date: October 7, 2014

## THE COURT ORDERS:

[x] The modification of conditions as noted above
[ ] No action
[ ] Other

Honorable Dale A. Kimball
Senior U.S. District Judge

Date: 10/7/14

PROB 49  
David Alan Anderson  
2:11-CR-00841-001-DAK

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH  
PROBATION AND PRETRIAL SERVICES OFFICE

## WAIVER OF RIGHT TO HEARING PRIOR TO MODIFICATION OF CONDITIONS OF SUPERVISION

I have been advised by U.S. Probation Officer Timothy Merna that he has submitted a petition and report to the Court recommending that the Court modify the conditions of my supervision in Case No.2:11-CR-00841-001-DAK. The modification would be:

*The defendant shall reside in a residential reentry center under a Public Law placement for a period of <u>4 months, with consideration for early release after 2 months</u>. While a resident at the residential reentry center as a Public Law placement, the defendant is eligible to leave the program for work, education, medical, religious services, treatment, or other approved release as deemed appropriate by the U.S. Probation Office or residential reentry center. As an exception to employment, the residential reentry center may require the defendant to perform voluntary community service <u>up to 20 hours per week</u> unless otherwise directed the U.S. Probation Office or the residential reentry center.*

I understand that should the Court so modify my conditions of supervision, I will be required to abide by the new condition(s) as well as all conditions previously imposed. I also understand the Court may issue a warrant and revoke supervision for a violation of the new condition(s) as well as those conditions previously imposed by the Court. I understand I have a right to a hearing on the petition and to prior notice of the date and time of the hearing. I understand that I have a right to the assistance of counsel at that hearing.

Understanding all of the above, I hereby waive the right to a hearing on the probation officer's petition, and to prior notice of such hearing. I have read or had read to me the above, and I fully understand it. I give full consent to the Court considering and acting upon the probation officer's petition to modify the conditions of my supervision without a hearing. I hereby affirmatively state that I do not request a hearing on said petition.

_____  
David Alan Anderson

Oct. 3, 2014  
Date

Witness: Timothy Merna  
U.S. Probation Officer